UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS

PATRICIA FAJARDO-GUEVARA

CRIMINAL ACTION

NUMBER 10-151-BAJ-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, April 19, 2012.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS

PATRICIA FAJARDO-GUEVARA

CRIMINAL ACTION

NUMBER 10-151-BAJ-SCR

**<u>MAGISTRATE JUDGE'S REPORT</u>**[1]

Before the court is the defendant's Motion For Leave to Proceed In Forma Pauperis, Limited to Costs Associated With Production of Transcripts, Interpreter Services, and Filing Fees. Record document number 70. The motion is opposed.[2]

For the reasons which follow, the defendant's motion should be denied.

Rule 24(a)(1), Fed.R.App.P., requires a defendant seeking to proceed in forma pauperis on appeal to submit an affidavit that "shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or give security for fees and costs." Under Rule 24(a)(3)(A), Fed.R.App.P., a defendant "who was determined to be financially unable to obtain an adequate defense in a criminal case" in the district court may proceed on appeal in forma pauperis without further authorization unless "the district

---

[1] A Magistrate Judge's Report is issued because a magistrate judge cannot rule on a motion to proceed in forma pauperis on appeal nor certify that an appeal is not taken in good faith. *Donaldson v. Ductote*, 373 F.3d 622 (5th Cir. 2004).

[2] Record document number 73.

court ... certifies that the appeal is not taken in good faith ... and states in writing its reasons for the certification ..."[3]

Defendant was originally represented by retained counsel. The district judge later appointed counsel for the defendant.[4] Although the order appointing counsel includes a statement that "the defendant has testified under oath or has otherwise satisfied this Court that she ... is unable to employ counsel," it is not clear from a review of the record when the defendant ever testified that she was unable to employ counsel. Nor does the record contain any financial affidavit or other similar document from which the court could have determined that she was, in fact, unable to employ counsel.[5] Rather, it appears that counsel was appointed because counsel did not enroll to represent the defendant after she indicated she would retain counsel herself.[6] When another retained counsel later moved to enroll for the defendant, this constituted a de facto admission by the defendant that she was no longer unable

---

[3] See also 18 U.S.C. § 3006A(d)(7) ("If a person for whom counsel is appointed under this section appeals to an appellate court ... he may do so without prepayment of fees and costs or security therefore and without filing the affidavit required by section 1915(a) of title 28."

[4] Record document number 36.

[5] Typically, a defendant seeking appointment of counsel at least completes a Form CJA 21 Financial Affidavit. The Criminal Justice Act requires that the court be "satisfied after appropriate inquiry that the person is unable to obtain counsel." 18 U.S.C. § 3006A(b).

[6] See record document numbers 33 and 35.

2

to obtain counsel.  Therefore, to proceed in forma pauperis for the purpose of not having to pay the appellate filing fee the defendant must comply with Rule 24(a)(1).

Defendant's motion does not identify any issue, from either the trial or sentencing, which she intends to raise on appeal. Consequently, she has not complied with Rule 24(a)(1)(C). However, even assuming that Rule 24(a)(3) applies, the record does not support finding that her appeal is taken in good faith.  Absent the identification of some issue to be raised on appeal, particularly insofar as the defendant seeks a transcript of the trial and the motion to suppress hearing, the record support finding that she seeks the transcripts for the purpose of reviewing them to find an issue to support her appeal.

Lastly, the defendant has not shown that the court may allow her proceed in forma paupers for the purpose of payment of the fees for interpreter services, while at the same time retained counsel collects a fee.[7]  The Criminal Justice Act does allow the court to authorize "[c]ounsel for a person who is financially unable to obtain investigative, expert, or other services necessary for adequate representation" to obtain such services.  § 3006A(e)(1).

---

[7] If the court finds that there are funds available for payment from or on behalf of a person who has been furnished representation, the court may direct that such funds be paid to the appointed attorney  or to the person who provided investigative, expert or other services.  § 3006A(f).  Thus, if the defendant has funds to pay a retained attorney, the court may direct that some of the funds be paid instead to the interpreter.

However, the court must find, "after appropriate inquiry in an ex parte proceeding," that the defendant is financially unable to obtain them.  Although it might seem that an ex parte hearing is not warranted because the need for interpreter services is apparent from the record, an ex parte hearing may be needed for counsel to explain why interpreter services are necessary if the issue(s) on appeal relate to matters of record, e.g. denial of a pretrial motion or an objection to evidence introduced during the trial.  An ex parte hearing may also be needed for the court to conduct an appropriate inquiry regarding whether the fee charged by retained counsel is reasonable in light of the issue(s) on appeal.  Defendant has not shown, in an ex parte proceeding or otherwise, that she is "financially unable to obtain ... necessary" interpreter services.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the defendant's Motion For Leave to Proceed In Forma Pauperis, Limited to Costs Associated With Production of Transcripts, Interpreter Services, and Filing Fees, be denied, without prejudice to the defendant filing another motion which complies with Rule 24(a)(1), and with 28 U.S.C. § 3006A(e) insofar as the defendant seeks interpreter services.

Baton Rouge, Louisiana, April 19, 2012.

_Stephen C. Riedlinger_
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE