UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | |
| PATRICIA FAJARDO-GUEVARA | NO.: 10-00151-BAJ-EWD |

## RULING AND ORDER

Before the Court is the **Motion to Vacate under 28 U.S.C. § 2255 (Doc. 109)** filed by Petitioner Patricia Fajardo-Guevara. At trial, Petitioner was convicted of possession with intent to distribute cocaine. (Doc. 60). On March 28, 2012, the Court sentenced Petitioner to 121 months imprisonment and five years of supervised release. (Doc. 65). Petitioner appealed the Court's denial of her motion to suppress, and on February 1, 2013, the United States Court of Appeals for the Fifth Circuit affirmed the Court's denial of Petitioner's motion to suppress. (Doc. 96).

On November 7, 2016, Petitioner filed a Motion to Vacate under § 2255. (Doc. 109). Petitioner claims: (1) that her attorney was ineffective by failing to allow her to speak during the suppression hearing; (2) that the video of the traffic stop at issue during the suppression hearing appeared "tampered with"; (3) that her constitutional rights were violated during the traffic stop because she was mirandized in English, but she could only speak Spanish at the time, and her counsel failed to raise this issue on appeal; and (4) her counsel was ineffective by failing to file a writ of certiorari. *Id.* 5-9.

1

Petitioner's motion, however, is untimely. A one year statute of limitations applies to §2255 motions, which runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2255(f).

A judgment of conviction becomes final when the conviction is affirmed on direct review or when the time for perfecting an appeal expires. *Clay v. United States*, 537 U.S. 522, 527 (2003). The Fifth Circuit affirmed Petitioner's conviction on February 1, 2013, and therefore her conviction became final one year later on February 1, 2014. (Doc. 96). Petitioner filed her § 2255 motion on November 7, 2016, over two years after her conviction became final.

Petitioner apparently recognizes that her motion was filed more than a year after her judgment of conviction became final. She therefore claims that she only now filed her motion because she "just now learn[ed] to speak some English, was able to review some laws, and express in words, what happened to her[.]" (Doc. 109-1 at p. 2). She also claims, in a largely unintelligible memorandum, styled "Affidavit of

Truth in Commerce" that there is no statute of limitations on claims of fraud. (Doc. 110 at p. 2). It is unclear what "fraud" Petitioner is referring to, but it appears she may be referencing her allegation that the video of the traffic stop was "tampered with."

Petitioner does not, however, allege that the Government created an impediment to the filing of her motion, that her claim is based on newly recognized Supreme Court precedent, or that she discovered new facts that form the basis for her motion. Therefore, the statute of limitations runs from the date her conviction became final, which is one year after her conviction was affirmed by the Fifth Circuit. Because she filed the instant motion over two years after the Fifth Circuit affirmed her conviction, her § 2255 motion is untimely.

Accordingly,

**IT IS ORDERED** that the **Motion to Vacate under 28 U.S.C. § 2255 (Doc. 109)** is **DENIED.**

Baton Rouge, Louisiana, this 13th day of November, 2017.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**